IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **PETER J. SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 2:24-cv-461-RAH-CWB |
| ) | |
| **ALLIED UNIVERSAL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

This action was filed *pro se* on July 31, 2024. (*See* Doc. 1). Referral then was made to the Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." (*See* Doc. 5). After a threshold review, Plaintiff was directed to file an Amended Complaint no later than September 6, 2024. (*See* Doc. 11). Plaintiff was informed with specificity how the initial Complaint was deficient and what information should be included within the Amended Complaint. (*Id.*). And Plaintiff was cautioned that "**failure to file an Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure may result in a recommendation that the action be dismissed**." (*Id.* at p. 5) (bold in original). Notwithstanding the directive to replead and the warning against not doing so, Plaintiff failed to take any action.

The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g., Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31. *See also Saint Vil v.*

1

*Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017).  Here, the court finds that Plaintiff's failure to replead or otherwise respond by the imposed deadline constitutes a clear record of delay and/or willful contempt; and the court further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.*, where Plaintiff failed to take action despite having been warned about a potential dismissal.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

Dismissal also would be proper for the reasons identified in the court's Order to replead.  (*See* Doc. 11).  In short, the Complaint does not comply with the basic requirements of Rule 8 of the Federal Rules of Civil Procedure in that Plaintiff fails to identify any particular defendant who committed any particular act that would give rise to any particular cause of action.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that the purpose of the federal pleading requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests") (internal quotation marks and citation omitted).  The Complaint instead contains precisely the type of "unadorned, the-defendant unlawfully-harmed-me accusation[s]" and "naked assertion[s] devoid of further factual enhancement" that consistently have been deemed insufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555-57).  Stated differently, all of the allegations in the Complaint are vague and conclusory, without sufficient factual content to support the asserted legal conclusions.  *See, e.g., Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1321-23 nn.11-15 (11th Cir. 2015) (identifying categories of impermissible "shotgun pleadings").

For all of these reasons, the undersigned Magistrate Judge hereby **RECOMMENDS** that this action be **DISMISSED** without prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed **no later than November 20, 2024**.  An objecting party must identify the specific portion(s) of factual findings/legal conclusions to which objection is made and must describe in detail the basis for each objection.  Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings or recommendations.  The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings.  *See* 28 U.S.C. § 636(b)(1)(C).  A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations.  Unobjected-to factual and legal conclusions may be reviewed only for plain error if necessary in the interests of justice.  *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  An appeal may be taken only from an appealable order entered by the District Judge.

**DONE** this the 6th day of November 2024.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**

3