IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER J. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-00461-RAH |
| | ) |
| ALLIED UNIVERSAL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

On November 6, 2024, the Magistrate Judge recommended that the Plaintiff's Complaint be dismissed because it failed to "comply with the basic requirements of Rule 8 of the Federal Rules of Civil Procedure in that Plaintiff fails to identify any particular defendant who committed any particular act that would give rise to any particular cause of action." (Doc. 12 at 2.) This Recommendation came after the Plaintiff failed to file an amended complaint despite being ordered to do so. (Doc. 11.) Although the Plaintiff failed to file an amended complaint as ordered, Plaintiff did file Objections to the Magistrate Judge's November 6, 2024, Recommendation. (Doc. 13.)

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo.* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition;

receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). *See also United States v. Opie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant *de novo* review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

The Plaintiff's *Notice of Objection* states as follows: "[t]he amount in question exceeds $20[.] There are allegations of plaintiff's civil rights being violated. These allegations can only be handled in Federal Court." (Doc. 13 at 1.) However, the Plaintiff fails to identify facts supporting each of the elements of a cause of action against each of the Defendants. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that a plaintiff must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (citation omitted); *see also Burch v. Wheat Street Towels*, 769 F. App'x 866, 867 (11th Cir. 2019) (affirming the district court's dismissal of the plaintiff's complaint whereby it failed to identify a "legal cause of action against any individual defendant"). Consequently, this Court

2

agrees with the Magistrate Judge that the Complaint should be dismissed without prejudice.

Accordingly, upon an independent review of the record, it is **ORDERED** as follows:

1. The Plaintiff's Objections (doc. 13) are **OVERRULED**.

2. The Recommendation is **ADOPTED**.

3. The Complaint is **DISMISSED without prejudice**.

DONE, on this the 10th day of December 2024.

*[signature]*

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE